UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CRAIG ALLAN HURLEY**  **REG. # 13490179** | : | **DOCKET NO. 19-cv-01250**  **SECTION P** |
| **VERSUS** | : | **JAMES D. CAIN, JR.** |
| **R. MYERS** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Craig Allan Hurley. Hurley is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

Hurley challenges his 2002 conviction in the United States District Court for the Southern District of Texas on one count of production of child pornography and one count of possession of child pornography. Doc. 1, att. 2, p. 1. He was sentenced to 151 months. *Id*. at p. 2.

He files the instant petition asserting that he is being held on a "non-existent case," as he was recently informed that the criminal matter has been dismissed. Doc. 1, pp. 6-7. He seeks

immediate release from custody, expungement of his case and "proper and appropriate compensation for incarceration." *Id*. at p. 8.

In support of his petition, Hurley attaches documents from the sentencing court in the pertinent criminal matter, *USA v. Hurley*, Docket No. 4:01-cr-00655-001, including a copy of the Judgment, stamped "Sealed. Public and unofficial staff access to this instrument are prohibited by court order" [doc. 1, att. 2, pp. 1-7], a copy of the Sentencing Monitoring Computation Data sheet, which establishes his projected date of release as August 16, 2020 [doc. 1, att. 3, p. 1], and also a docket sheet from what appears to be a related case in the Southern District of Texas, *USA v. Craig Allan Hurley*, Docket No. 4:01-mj-0900, which was dismissed in 2011 [doc. 1, att. 4]. Finally, he attaches a copy of a letter sent to the Clerk of Court for the Southern District of Texas, which seems to be the impetus for the filing of the instant petition, which includes a handwritten note that there is "no such case #," referencing the sealed criminal case pursuant to which Hurley was convicted and sentenced. Doc. 1, att. 5, p. 1.

## II.
### LAW & ANALYSIS

**A. Screening of Habeas Corpus Petitions**

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits

-3-

before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The petitioner's attack on his sentence is not cognizable in a petition for writ of habeas corpus brought pursuant to § 2241. As a general rule, a federal prisoner who seeks to collaterally challenge the legality of his conviction or sentence must file a § 2255 motion in the sentencing court. *Vinson v. Maiorana*, 605 Fed. Appx. 349 (5th 2015) (*citing Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005)). As petitioner attacks the legality of his sentence, he must file a § 2255 motion in the sentencing court, the Southern District of Texas.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-4-

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE